# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM MILLHOUSE,** | : | **CIVIL NO. 1:15-CV-1644** |
| **Plaintiff,** | : | **(Judge Rambo)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **CHARLES SAMUELS, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The plaintiff, Kareem Millhouse, is a federal prisoner housed at the Special Management Unit of the United States Penitentiary, Lewisburg. On August 25, 2015, Millhouse filed a *pro se* complaint with this court. (Doc. 1.) Liberally construed, this complaint lodged both general and specific claims that officials at the Lewisburg Penitentiary were violating Millhouse' rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. The plaintiff has now filed a series of motions in the nature of motions for entry of default judgment. (Docs. 33, 35, and 40.) For the reasons set forth below, these motions are DENIED.

Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure, and a default judgment may only be entered when the party against whom

the default judgment is sought "has failed to plead or otherwise respond." Rule 55(a), F.R.Civ.P. Here the defendants have now responded to the complaint by filing a motion to dismiss that complaint (Doc. 46.) Therefore Millhouse is not entitled to the entry of a default judgment.

Furthermore, in ruling upon requests relating to default judgments it is well-settled that these decisions are:

> [L]eft primarily to the discretion of the district court. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir.1951). We recognize, however, that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to [deny or] set aside the default judgment "so that cases may be decided on their merits." Id. at 245. See also Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir.1983); Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d 653, 656 (3d Cir.1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). Nevertheless, we do not [deny or] set aside the entry of default and default judgment unless we determine that the district court abused its discretion. We require the district court to consider the following factors in exercising its discretion . . . : (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct. Gross v. Stereo Component Systems, Inc., 700 F.2d at 122; Feliciano v. Reliant Tooling Company, Ltd., 691 F.2d at 656; Farnese v. Bagnasco, 687 F.2d at 764.
>
> United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984)

In this case, we find that all of these discretionary factors favor denial of entry of default judgment against these defendants at this time. At the outset, allowing this matter to be resolved on its merits is a cardinal guiding principle in our legal system,

and one which causes courts to view default judgments with disfavor. This principle applies with particular force here, since the plaintiff's entitlement to judgment on the merits is unclear. Furthermore, the plaintiff is not unfairly prejudiced by denying a default judgment at this early stage of the litigation. However, entry of default would be highly prejudicial to the defendants.

    Accordingly, the plaintiff is not entitled to the entry of a default judgment against these defendants, the various motions for entry of default judgment, (Docs. 33, 35 and 40) are DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

April 8, 2016