**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAREEM MILLHOUSE,** | : | **CIVIL NO. 1:15-CV-1644** |
| | : | |
| **Plaintiff,** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| | : | |
| **SMITH, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

## I. Statement of Facts and of the Case

Albert Einstein once said that doing the same thing over and over again and expecting different results is the highest form of human folly. This *pro se, in forma pauperis* lawsuit calls to mind the wisdom of Einstein's observation.

The plaintiff, Kareem Millhouse, is a federal prisoner housed at the Special Management Unit of the United States Penitentiary, Lewisburg. On August 25, 2015, Millhouse filed a *pro se* complaint with this court. (Doc. 1.) Liberally construed, this complaint lodged both general and specific claims that officials at the Lewisburg Penitentiary were violating Millhouse' rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. As a general matter Millhouse alleged that the double celling of prisoners at Lewisburg violated the

plaintiff's constitutional rights since many incorrigible inmates are housed at this institution, and double-celling compelled him to share a cell with such prisoners. (Id.) Beyond this general allegation relating to the conditions of his confinement, Millhouse made a more specific claim in the nature of a failure-to-protect claim. Specifically, Millhouse alleged that he had been twice housed with another dangerous inmate over his objections and then assaulted. (Id.)

Upon a screening review only Millhouse's specific claims against Defendant Smith survived. The complaint was served on the defendant, who has now moved to dismiss the complaint, alleging that it is completely duplicative of claims made by Millhouse in a supplemental complaint which he filed in a prior lawsuit brought by Millhouse, Millhouse v. Smith, Civil No. 1:15-CV-1400, (Doc. 34), a factual contention which is supported by a comparison of the two pleadings, and a factual averment which Millhouse does not dispute. (Doc. 46.)

Thus, rather than litigate this claim in his first filed case, Millhouse has now apparently opted to engage in something equivalent to a legal mulligan,[1] by filing two nearly identical complaints in separate civil actions. Both cases name the same

---

[1]A mulligan is a free shot sometimes given a golfer in informal play when the prior shot was poorly played. .merriam-webster.com/dictionary/mulligan, Unlike golf, the law does not recognize mulligans.

defendant, Mr. Smith. Moreover these two latest lawsuits involve essentially identical legal claims.[2]

The defendant has now moved to dismiss this later-filed complaint, a motion which is fully briefed by the parties and is, therefore, ripe for resolution. For the reasons set forth below, we recommend that this complaint be dismissed pursuant to the "first-filed" rule.

## II. Discussion

### A. Motion to Dismiss– Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.

[2]Indeed, we note that Millhouse concedes the identical nature of these two claims, and has himself moved to dismiss Defendant Smith from his first filed case. Millhouse v. Smith, Civil No. 1:15-CV-1400. We believe that the orderly administration of justice would not be promoted by this course which would foster a multiplicity of lawsuits. Instead, we recommend that Millhouse's claims against Smith be decided in his first filed lawsuit, and that this lawsuit be dismissed.

> 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words,

> a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Applying these legal benchmarks, for the reasons set forth below, we conclude that this complaint is fatally flawed and should, therefore, be dismissed.

**B. This New Filing Violates the First Filed Rule and Should Be Dismissed in Favor of Millhouse's First Filed Case, Millhouse v. Smith, Civil No. 1:15-CV-1400**

In this case, the plaintiff's efforts to simply repeatedly re-file the same allegations in the guise of separate lawsuits violates a basic policy of judicial administration, the "first-filed" rule.

> Nearly fifty years ago, this court adopted what has become known as the "first-filed" rule. We concluded that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir.1941) (quoting Smith v. McIver, 22 U.S. (9 Wheat.) 532, 6 L.Ed. 152 (1824)), cert. denied, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1942). Since then, this policy of comity has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of "similar cases ... in different federal district courts." See generally Compagnie Des Bauxites De Guinea v. Insurance Co. of North America, 651 F.2d 877, 887 n. 10 (3d Cir.1981), cert. denied, 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed. 1312 (1982); see also Berkshire Intern. Corp. v. Marquez, 69 F.R.D. 583, 586 (E.D.Pa.1976) ("it has long been the policy of our Circuit Court that absent unusual circumstances" the first-filed rule applies in cases of concurrent federal jurisdiction); accord West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir.1985) ("federal courts have long recognized that ... comity requires federal district courts ... to exercise care to avoid interference with each other's affairs.").

E.E.O.C. v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988) aff'd, 493 U.S. 182, 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990).

"The first-filed rule requires, absent extraordinary circumstances, that cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction be decided by the court where the litigation was first filed. E.E.O.C. v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir.1988), aff'd on other grounds, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990); Villari Brandes & Kline, P.C. v. Plainfield Specialty, No. 09–2552, 2009 WL 1845236, at *6 (E.D.Pa. June 26, 2009)

(Bartle, J.); Koresko v. Nationwide Life Ins. Co., 403 F.Supp.2d 394, 399 (E.D.Pa.2005) (Robreno, J.). The rationale for the rule is the desire for sound judicial administration and comity among federal courts of equal stature. EEOC, 850 F.2d at 971." Synthes, Inc. v. Knapp, 978 F. Supp. 2d 450, 455 (E.D. Pa. 2013). Given the rationale behind this rule, "the rule's application is not cabined to proceedings involving identical parties and identical issues, but extends to cases where there is a substantial overlap of the subject matter. Villari, 2009 WL 1845236, at *6. Thus, the critical substantive inquiry of the first-filed rule analysis is subject matter." Synthes, Inc. v. Knapp, 978 F. Supp. 2d 450, 457 (E.D. Pa. 2013).

Examining these two *pro se* complaints, and comparing them with our substantive inquiry focused on whether the subject matter of these cases is identical, we have little difficulty concluding that these cases appear to involve the same subject matter. The cases arise out of the same nucleus of operative fact, and entail identical legal claims advanced in virtually identical terms. Accordingly, under the first-filed rule, this subsequent case should be dismissed and the plaintiff should be instructed to litigate his claims in his first-filed lawsuit, rather than abandoning that lawsuit and then engaging in some serial form of litigation of the same claims in multiple lawsuits.

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Defendant's Motion to Dismiss (Doc. 46) be GRANTED, and these claims should be litigated in the first filed lawsuit brought by Millhouse , Millhouse v. Smith, 1:15-CV-1400.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of May, 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge