IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM MILHOUSE,** | : |
| **Plaintiff** | : Civ. No. 1:15-cv-1644 |
| v. | : |
| **SMITH, et al.,** | : Judge Rambo |
| **Defendants** | : Magistrate Judge Carlson |

## MEMORANDUM

Before the court is a report and recommendation filed by the magistrate judge in which he recommends that the complaint in this action be dismissed. (Doc. 60.) For the reasons set forth below, the report and recommendation will be adopted.

### I. Background

In the instant complaint, Milhouse claims that officials at the Lewisburg Penitentiary violated his rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. He alleges that the double celling of prisoners at the penitentiary violated these rights. He also asserts a failure to protect claim alleging that the double celling led to him being twice housed with a dangerous inmate and assaulted.

The instant complaint was served upon Defendant Smith. The defendant filed a motion to dismiss alleging that the claim against him is duplicative of the same claim alleged in a prior suit, *Milhouse v. Smith*, Civ. No. 1:15-cv-1400. Upon

review of the two proceedings and an averment of Milhouse not disputing this fact (Doc. 46), the magistrate judge recommended that the instant complaint be dismissed pursuant to the "first-filed" rule.

Absent extraordinary circumstances, the first-filed rule requires that cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction be decided by the court where the litigation was first filed. (Doc. 60, p. 8 (citing *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988).)

## II. Discussion

Milhouse has filed objections to the report and recommendation for the following reasons: (1) because the court's initial screening of his complaint found that he sufficiently stated a claim against Smith; (2) the instant complaint is the first-filed complaint because the other case, Civ. No. 1:15-cv-1400, did not include a claim of failure to protect for an assault occurring on August 5, 2014; and (3) he filed a motion to voluntarily dismiss the claims against Smith in the other case and, therefore, the instant claim would not be duplicative.

Defendant Smith responded to these objections, arguing that the magistrate judge did not recommend dismissal for failure to state a claim but rather that the claim should be addressed under the first-filed rule. He further argued that the failure to protect claim was added to the other suit in an amendment or supplement to the complaint. The fact that the amended complaint was filed after

the complaint in the above captioned case does not change the fact that it is the date when an action is initiated that determines when a case is deemed first filed, not when an amendment to the complaint is filed. (*See* Doc. 67, p. 5 and cases cited therein.) Defendant Smith also responds to Milhouse's motion to voluntarily dismiss Smith from the other case as an end around attempt to avoid dismissal of this suit and should not be permitted. This maneuver would not promote the orderly and efficient administration of justice.

Milhouse's objections are rejected, and the report and recommendation of the magistrate judge will be adopted.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 20, 2016

3